UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **DIRECTORS OF THE OHIO CONFERENCE OF PLASTERERS AND CEMENT MASONS COMBINED FUNDS, INC.**<br>33 Fitch Boulevard<br>Austintown, OH 44515<br><br>            **Plaintiffs,**<br><br>v.<br><br>**S & S PLASTERING LLC**<br>3224 McGill Road<br>Cincinnati, OH 45251-3207<br><br>            **Defendant.**<br><br>**SERVE ON:**<br><br>**Steven Ray Doyle, Statutory Agent**<br>**3224 McGill Road**<br>**Cincinnati, OH 45251-3207** | **Case No. 1:18-cv-188** |

## COMPLAINT

1.      Plaintiffs, Directors of the Ohio Conference of Plasterers and Cement Masons Combined Funds, Inc. are managers of the entity responsible for collections on behalf of various employee benefit funds.  Defendant, S & S Plastering LLC is an employer that is obligated to make contributions to the benefit funds so that its employee(s) may participate and receive the employee benefits provided by the benefit funds.  S & S Plastering LLC is required to make contributions to the benefit funds at an hourly rate determined by contract, and to pay contributions on behalf of each hour worked by its employees performing work covered by such contract.  When an employer like S & S Plastering LLC fails to make contributions to the benefit funds as required, employees

and their dependents' benefits are placed in jeopardy. The benefit funds have a fiduciary duty to attempt to collect all amounts due, and therefore must act accordingly. S & S Plastering LLC has failed to make contributions to the benefit funds as contractually required, and thus this suit is levied.

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) because the cause of action described herein is occurring within the jurisdiction of the U.S. District Court for the Southern District of Ohio, Western Division at Cincinnati.

## PARTIES

4. Plaintiffs, Directors of the Ohio Conference of Plasterers and Cement Masons Combined Funds, Inc. ("Plaintiffs" or "Combined Funds") manage the Ohio nonprofit corporation, established by a number of employee benefit plans associated with local unions of the Operative Plasterers' & Cement Masons' International Association of the United States & Canada, AFL-CIO, for the purposes of monitoring and collecting contributions, deductions, interest, liquidated damages, assessments, penalties, costs, and fees owed to certain employee benefit plans. Plaintiffs' principal place of business is located at 33 Fitch Boulevard, Austintown, Ohio 44515.

5. Defendant, S & S Plastering LLC ("Defendant" or "S & S"), is an Ohio limited liability company with its principal place of business at 3224 McGill Road, Cincinnati, Ohio 45251. At all material times herein, Defendant was an employer as defined by 29 U.S.C. §§ 152(2) and 1002(5). Defendant is engaged in interstate commerce and affecting commerce as defined in 29 U.S.C. §§ 1002(11) and 1002(12).

## RELEVANT FACTS

6. The Ohio Conference of Plasterers and Cement Masons Health and Welfare Fund ("Health Fund") was established by an Agreement and Declaration of Trust ("Health Fund Trust Agreement"), for the purpose of providing health insurance to eligible employees. (Exhibit A, Health Fund Trust Agreement, at p. 7). The Health Fund is an "employee welfare benefit plan" as defined by ERISA §§ 3(1) and 3(3); 29 U.S.C. § 1002(1). The Health Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

7. The Health Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C § 186(c)(5). The Board of Trustees is the "plan sponsor" of the Health Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

8. The Board of Trustees is vested with the authority to collect employer contributions due to the Health Fund. (Exhibit A, at p. 15). Additionally, the Board of Trustees is vested with the authority to designate persons other than Trustees to carry out fiduciary responsibilities to the extent permitted by law. (Exhibit A, at p. 16). The Board of Trustees delegated its authority to collect contributions due to the Health Fund to Plaintiffs.

9. The Ohio Local No. 1 Operative Plasterers' and Cement Masons' Pension Fund ("Pension Fund") was established by an Agreement and Declaration of Trust ("Pension Fund Trust

Agreement"), for the sole purpose of providing pension benefits to certain eligible employees and their beneficiaries. (Exhibit B, Pension Fund Trust Agreement, at p. 4). The Pension Fund is an "employee pension benefit plan" as defined by ERISA §§ 3(2) and 3(3); 29 U.S.C. § 1002(2). The Pension Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

10. The Pension Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C § 186(c)(5). The Board of Trustees is the "plan sponsor" of the Pension Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

11. The Board of Trustees is vested with the authority to collect employer contributions due to the Pension Fund. (Exhibit B, at p. 4). Additionally, the Board of Trustees is vested with the authority to designate persons other than Trustees to carry out fiduciary responsibilities to the extent permitted by law. (Exhibit B, at p. 17). The Board of Trustees delegated its authority to collect contributions due to the Pension Fund to Plaintiffs.

12. Plaintiffs adopted a Contribution, Collection and Overpayment Policy ("Collection Policy") to ensure employers remit benefit contributions in a timely and orderly manner. (Exhibit C, Collection Policy).

13. On November 2, 2015, Defendant by and through its duly authorized agent, executed a Collective Bargaining Agreement ("CBA"), thereby becoming a party to the terms of the CBA. (Exhibit D, CBA).

14. By executing the CBA, Defendant became obligated to submit timely reports of the hours worked by covered employees and to make certain contributions to the Health Fund and Pension Fund, along with contributions to other employee benefit funds. (Exhibit D, at p. 3).

15. Despite having a contractual obligation to submit monthly reports of hours worked by covered employees and to remit contribution payments, Defendant has failed to report the number of hours worked by covered employees and has similarly failed to remit contribution payments for the period of February 2016 through present day.

16. Despite repeated demands and a contractual obligation to do so, Defendant has failed to submit to a payroll audit.

17. Because Defendant has failed to submit monthly reports of hours worked and refuses to submit to a payroll audit, Plaintiffs are unable to ascertain the dollar amount of liability Defendant owes to Plaintiffs.

18. As a result of Defendant's conduct, Defendant is liable to Plaintiffs for delinquent contributions, liquidated damages and accruing interest in an amount yet to be determined pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), and LMRA § 301, 29 U.S.C. § 185.

## COUNT I
### ERISA § 515, 29 U.S.C. § 1145—Failure to Remit Contributions/Reports

19. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

20. At all material times herein, Defendant was a party to and agreed to abide by the terms of the CBA. (Exhibit D, CBA, at p. 8). Pursuant to the CBA, Defendant is obligated to make certain contributions to the Health Fund and Pension Fund, along with contributions to other employee benefit funds by the fifteenth day of the month following the month in which the work was performed. (Exhibit D, at p. 4).

21. The CBA incorporates by reference the Health Fund Trust Agreement and Pension Fund Trust Agreement (collectively "Trust Agreements"). (Exhibit D, at p. 4). The Trust Agreements require that Defendant make certain benefit contributions as required by the CBA.

(Exhibit A, Health Fund Trust Agreement, at p. 23; Exhibit B, Pension Fund Trust Agreement, at p. 4).

22. The Trust Agreements grant the Trustees the authority to create and implement collection policies and this authority was properly delegated to Plaintiffs. The Collection Policy adopted by Plaintiffs requires that Defendant submit to payroll audits when requested and make contribution payments by the fifteenth day of the month following the month in which the work was performed. (Exhibit C, Collection Policy, at p. 2).

23. Despite repeated demands to do so, Defendant has failed to submit to a payroll audit and is therefore in breach of the CBA, Trust Agreements and Collection Policy.

24. Defendant has failed to timely report hours worked by covered employees for the period of February 2016 through present day as required by the CBA, Trust Agreements and Collection Policy.

25. Defendant has failed, or otherwise neglected to remit contribution payments for the period of February 2016 through present day as required by the CBA, Trust Agreements and Collection Policy.

26. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and therefore Defendant is liable for delinquent contributions, liquidated damages, interest and attorney's fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

## COUNT II
**LMRA § 301, 29 U.S.C. § 185—Breach of Contract & Failure to Remit Contributions/Reports**

27. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

28. At all material times herein, Defendant was a party to and agreed to abide by the terms of the CBA. (Exhibit D, CBA, at p. 8). Pursuant to the CBA, Defendant is obligated to make certain contributions to the Health Fund and Pension Fund, along with contributions to other

employee benefit funds by the fifteenth day of the month following the month in which the work was performed. (Exhibit D, at p. 4).

29. The CBA incorporates by reference the Trust Agreements. (Exhibit D, at p. 4). The Trust Agreements require that Defendant make certain benefit contributions as required by the CBA. (Exhibit A, Health Fund Trust Agreement, at p. 23; Exhibit B, Pension Fund Trust Agreement, at p. 4).

30. The Trust Agreements grant the Trustees the authority to create and implement collection policies and this authority was properly delegated to Plaintiffs. The Collection Policy adopted by Plaintiffs requires that Defendant submit to payroll audits when requested and make contribution payments by the fifteenth day of the month following the month in which the work was performed. (Exhibit C, Collection Policy, at p. 2).

31. Despite repeated demands to do so, Defendant has failed to submit to a payroll audit and is therefore in breach of the CBA, Trust Agreements and Collection Policy.

32. Defendant has failed to timely report hours worked by covered employees for the period of February 2016 through present day as required by the CBA, Trust Agreements and Collection Policy.

33. Defendant has failed, or otherwise neglected to remit contribution payments for the period of February 2016 through present day as required by the CBA, Trust Agreements and Collection Policy.

34. Defendant's conduct is in breach of the CBA, Trust Agreements and Collection Policy, and therefore Plaintiffs are entitled to relief pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
### ERISA § 515, 29 U.S.C. § 1145—Failure to Pay Liquidated Damages

35. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

36. At all material times herein, Defendant was a party to and agreed to abide by the terms of the CBA. (Exhibit D, CBA, at p. 8). The CBA provides that liquidated damages, accessed at ten-percent, are automatically incurred on delinquent amounts not paid within twenty-five days after the month in which the work was performed. (Exhibit D, at p. 4).

37. The CBA incorporates by reference the Trust Agreements. (Exhibit D, at p. 4). The Trust Agreements provide that all delinquent contribution payments automatically incur liquidated damages. (Exhibit A, Health Fund Trust Agreement, at p. 23; Exhibit B, Pension Fund Trust Agreement, at pp. 4-5).

38. The Trust Agreements grant the Trustees with the authority to create and implement collection policies and this authority was properly delegated to Plaintiffs. The Collection Policy adopted by Plaintiffs provides that delinquent contributions are accessed liquidated damages at ten-percent. (Exhibit C, Collection Policy, at p. 2).

39. Defendant has failed to remit timely contribution payments for the period of February 2016 through present day, thereby rendering such contributions delinquent. As such, Plaintiffs are entitled to liquidated damages accessed at ten-percent from their respective due dates for the months of February 2016 until present day.

40. Defendant's actions violate ERISA § 515, 29 U.S.C. § 1145, and therefore Plaintiffs are entitled to liquidated damages pursuant to ERISA § 502(g)(2)(C)(ii), 29 U.S.C. § 1132(g)(2)(C)(ii).

## COUNT IV
**LMRA § 301, 29 U.S.C. § 185—Breach of Contract & Failure to Pay Liquidated Damages**

41. Plaintiffs reallege each averment set forth as if fully rewritten herein.

42. At all material times herein, Defendant was a party to and agreed to abide by the terms of the CBA. (Exhibit D, CBA, at p. 8). The CBA provides that liquidated damages, accessed

8

at ten-percent, are automatically incurred on delinquent amounts not paid within twenty-five days after the month in which the work was performed. (Exhibit D, at p. 4).

43. The CBA incorporates by reference the Trust Agreements. (Exhibit D, at p. 4). The Trust Agreements provide that all delinquent contribution payments automatically incur liquidated damages. (Exhibit A, Health Fund Trust Agreement, at p. 23; Exhibit B, Pension Fund Trust Agreement, at pp. 4-5).

44. The Trust Agreements grant the Trustees with the authority to create and implement collection policies and this authority was properly delegated to Plaintiffs. The Collection Policy adopted by Plaintiffs provides that delinquent contributions are accessed liquidated damages at ten-percent. (Exhibit C, Collection Policy, at p. 3).

45. Defendant has failed to remit timely contribution payments for the period of February 2016 through present day, thereby rendering such contributions delinquent. As such, Plaintiffs are entitled to liquidated damages accessed at ten-percent from their respective due dates for the months of February 2016 through present day.

46. Defendant's actions are in breach of the CBA, Trust Agreements and Collection Policy, and therefore Plaintiffs are entitled to liquidated damages pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT V
**ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(G)(2)(E)—Order Compelling Payroll Audit**

47. Plaintiffs reallege each averment set forth as if fully rewritten herein.

48. At all material times herein, Defendant was a party to and agreed to abide by the terms of the CBA. (Exhibit D, CBA, at p. 8).

49. The CBA incorporates the Trust Agreements. (Exhibit D, at p. 3). Pursuant to the Trust Agreements, the Trustees have the authority to compel employers to submit to payroll audits.

9

(Exhibit A, Health Fund Trust Agreement, at p. 25; Exhibit B, Pension Fund Trust Agreement, at p. 5).

50. Pursuant to the Collection Policy, Defendant is required to submit to a payroll audit when requested. (Exhibit C, Collection Policy, at p. 2).

51. Despite repeated demands to do so, Defendant has failed to submit to a payroll audit as contractually obligated by the CBA, Trust Agreements and Collection Policy.

52. Plaintiffs have no way of verifying, absent an audit, the number of hours worked by covered employees. Therefore, Plaintiffs have no way of ascertaining the amount owed in delinquent contributions, liquidated damages and interest.

53. Defendant's refusal to submit to a payroll audit is in violation of the CBA, Trust Agreements and Collection Policy, and therefore Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE,** Plaintiffs demand the following relief:

A. Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the period of February 2016 through present day, in an amount to be determined;

B. Judgment in favor of Plaintiffs and against Defendant for accumulated interest and liquidated damages on the delinquent contributions from their respective due dates for the months of February 2016 through present day, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

C.     An Order compelling Defendant to submit all delinquent reports of hours worked for the period of February 2016 through present day, and Judgment in favor of Plaintiffs and against Defendant for the amounts shown due and owing in such reports;

D.     Alternatively, if Defendant refuses to provide said reports, Plaintiffs request an Order compelling Defendant to submit to a payroll audit of its books and records to determine the amounts owed to Plaintiffs for delinquent contributions, liquidated damages, and interest in an amount to be determined;

E.     That this Court retain jurisdiction over this cause pending compliance with all Orders;

F.     An award of reasonable attorney fees incurred in connection with this action as provided for by the Trust Agreements and 29 U.S.C. §1132(g)(2)(D); and

G.     Any other legal or equitable relief which the Court deems just as provided for under ERISA 502(g)(2)(E), 29 U.S.C. §1132 (g)(2)(E), pursuant to 502(a)(3), 29 U.S.C. §1132(a)(3).

        Respectfully submitted,

        s/ Jennie G. Arnold
        Jennie G. Arnold (0084697)
        Tenechia D. Lockhart (0093648)
        LEDBETTER PARISI LLC
        5078 Wooster Road, Suite 400
        Cincinnati, Ohio 45226
        937-619-0900
        937-619-0999 (fax)
        jarnold@fringebenefitlaw.com
        tlockhart@fringebenefitlaw.com
        *Counsel for Plaintiffs*