UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DIRECTORS OF THE OHIO
CONFERENCE OF PLASTERERS AND
CEMENT MASONS COMBINED FUNDS, INC.,     Case No. 1:18-cv-188

   Plaintiffs,

                                                           Dlott, J.
v.                                                      Bowman, M.J.

S & S PLASTERING LLC,

   Defendant.

**REPORT AND RECOMMENDATION**

A default judgment previously was entered in this case against Defendant S&S Plastering LLC. (Doc. 14). This matter is now before the undersigned regarding the Defendant's failure to show cause why it should not be held in contempt of court. For the following reasons, the undersigned RECOMMENDS THAT Steven R. Doyle be directed to appear before the presiding district judge IN PERSON on a date certain to show cause for his and the Defendant's failure to comply with the July 9, 2019 Order of the undersigned magistrate judge. If Mr. Doyle fails to appear, the presiding district judge should hold Defendant in civil contempt.

    **I.**    **Civil Contempt**

A finding of civil contempt is appropriate when a party disobeys a lawful court order. *Glover v. Johnson*, 138 F.3d 228, 245 (6th Cir. 1998). "Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987)). Before a court will hold a

litigant in contempt, a moving party must show "by clear and convincing evidence that the party to be held in contempt violated a court order." *U.S. v. Conces*, 507 F.3d 1028, 1042 (6th Cir. 2007). Although no formal motion for civil contempt has been filed by Plaintiffs, Plaintiffs previously filed an analogous motion by seeking a show cause order, directing Defendant to show cause as to why it should not be held in contempt. The undersigned granted Plaintiffs' "show cause" motion on July 9, 2019. (Doc. 19). However, neither Mr. Doyle, as the Defendant's registered agent, nor any other person on behalf of the Defendant has filed any timely response to show cause order.

Section 636(e) of the United States Magistrate Judges Act governs the authority of the undersigned in contempt proceedings. In civil cases like the one presented here, where the parties have not consented to a magistrate judge under 28 U.S.C. § 636(c), the imposition of civil contempt requires certification of facts by the undersigned to the presiding district judge. Specifically, the statute provides, in relevant part, as follows:

> **(6) Certification of other contempts to the district court.**-- Upon the commission of any such act—
>
> * * *
>
> **(B)** in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where—
>
> * * *
>
> **(iii)** the act constitutes a civil contempt,
>
> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636 (e)(6)(B)(iii).

Given Mr. Doyle's lack of any timely response to the July 9, 2019 show cause order, the undersigned certifies the following facts to the presiding district judge and recommends requiring Mr. Doyle to appear upon a date certain to show cause why he should not be adjudged in contempt.

## II.     Background and Certified Facts

Plaintiffs, Directors of the Ohio Conference of Plasterers and Cement Masons Combined Funds, Inc. ("the Funds") filed suit in March 2018 against the Defendant, S&S Plastering LLC ("S&S"), alleging multiple violations of ERISA and the LMRA.

The complaint alleges that Defendant, an employer obligated to make contributions to the Funds, has failed to do so. S&S agreed to participate in the Funds on November 2, 2015 when, through its duly authorized agent, Steven R. Doyle, it executed a Collective Bargaining Agreement ("CBA"). (*See* Doc. 1-5). Through entry of default judgment (which assumes the veracity of all facts alleged in the complaint), this Court already has determined that S&S failed to submit any of the required reports concerning the number of covered employees or hours worked and has failed to remit contribution payments for the past 3.5 years – beginning in February 2016 through the present.[1]

Summons of the complaint was returned as executed on the Defendant through service on Steven Doyle at what appears to be a residential address. After S&S failed to

---

[1] Based upon the short span of time between the execution of the CBA in November 2015 and the date on which the complaint alleges that Defendant first failed to make a report in February 2016, it is not clear whether Defendant <u>ever</u> made any reports or submitted any contribution payments.

3

appear, the Clerk filed an entry of default, and Plaintiffs eventually successfully moved for the entry of default judgment. (*See* Docs. 6, 9, 12, 14).

Because the amount of judgment cannot be determined without an accounting under Rule 55(b), Plaintiffs sought an audit of Defendant's books and records for the period of February 2016 to the present. A draft order explicitly directing Defendant to submit to the requested audit, within 14 days of the date of entry of default judgment, was attached to Plaintiffs' motion. (*See* Doc. 11-1, hereinafter "Audit Order"). The undersigned's January 2019 Report and Recommendation recommended both that Plaintiff's motion for default judgment be granted "<u>and that the tendered [Audit] Order be entered</u>." (Doc. 12 at 2, emphasis added). After noting that no objections had been filed, the presiding district judge filed an order stating that the Court "ADOPTS said Report and Recommendation." (Doc. 14). However, the remaining portion of the Court's order of adoption referenced only the motion for default judgment. Thus, the separately tendered Audit Order was implicitly adopted (through the adoption of the R&R), but was not separately executed by the presiding district judge or docketed as a separate Order of this Court.

On April 10, 2019 and again on July 8, 2019, Plaintiffs filed quarterly status reports indicating that Defendant had failed to respond to successive letters requesting that Defendant contact a third-party payroll auditor to submit to the necessary audit. (Docs. 16, 18). Without the audit, neither Plaintiffs nor this Court are able to finalize the precise amount of damages owed under the CBA. (*Id.*) Stymied by the lack of response and their inability to obtain the necessary records, Plaintiffs moved for a "show cause" order. (Doc. 17).

4

> On July 9, 2019, the undersigned granted Plaintiffs' motion:
>
> This Court hereby orders Defendant, S & S Plastering LLC, through its registered agent Steven Ray Doyle, within 14 days of service of this Order, to show cause why S & S Plastering, LLC should not be held in contempt for Defendant's failure to comply with this Court's order requiring Defendant to timely submit to an audit of its books and records. Failure to satisfy this order to show cause could result in the court imposing a fine to compensate those injured by the contemptuous act, awarding damages, or awarding attorney's fees.

(Doc. 19). The court's "show cause" order was sent to S&S, care of Steven Ray Doyle, both by ordinary first class mail and by certified mail on July 9, 2019. Although the certified mail delivery has not been confirmed, delivery of first class mail is presumed by the absence of any return for non-delivery.

Based upon the presumed delivery by ordinary mail, Defendant now has failed to comply with the clear order of the undersigned directing Defendant to show cause for S&S's failure to timely submit to an audit of its books and records. Defendant's failure to respond to the show cause order constitutes disobedience of a lawful court order and thus represents contempt before the undersigned magistrate judge. *See United States v. Ivie*, 2005 WL 1759727 at *2 (W.D. Tenn. June 14, 2005).

Defendant's failure to comply with the show cause order, <u>standing alone</u>, provides a sufficiently "clear and convincing" basis for holding Defendant and its agent, Mr. Doyle, in civil contempt of this Court. Arguably, the Audit Order provides an additional basis for contempt because it became part of the Court's Order when the Court adopted the January 2019 R&R. Still, in recognition of the fact that the Audit Order was never explicitly signed and filed by a judicial officer notwithstanding its *implicit* adoption, the undersigned has docketed an additional Audit Order this same day. Filing this second Audit Order serves both to clarify the record and to provide Defendant (and Mr. Doyle) one final

5

opportunity to submit to the required audit by a date certain. Should Defendant continue to fail to comply with the Audit Order, that failure would constitute a second basis on which to find the Defendant in civil contempt of the undersigned's orders. On the other hand, if Defendant submits to an audit, the Defendant can present that information as mitigating evidence against the finding of civil contempt and/or in favor of the imposition of more modest penalties, fines, and/or attorney's fees.

### III. Conclusion and Recommendations

Accordingly, **IT IS RECOMMENDED THAT:**

1. The presiding district judge issue an order requiring Defendant, through its registered agent, Steven Ray Doyle, to appear on a date certain, as soon as practicable, to show cause why Defendant and Mr. Doyle should not be adjudged in contempt by reason of the facts certified above, including Defendant and Mr. Doyle's failure to respond to the undersigned's July 9, 2019 "show cause" order;

2. If Defendant does not comply with the additional order entered this day to contact Plaintiffs' third-party auditor by August 28, 2019, the district judge should find Defendant and Mr. Doyle to be in civil contempt for violating a second order;

3. The Court should order Defendant to pay Plaintiffs' reasonable expenses, including attorney's fees, incurred in connection with its efforts to reduce the existing default judgment to an amount certain;

4. The Court should further order Defendant to pay $100.00 per day until such time as Defendant provides Plaintiffs with the records essential to determine the amounts owed under the CBA.

                                         *s/ Stephanie K. Bowman*
                                         Stephanie K. Bowman
                                         United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DIRECTORS OF THE OHIO
CONFERENCE OF PLASTERERS AND
CEMENT MASONS COMBINED FUNDS, INC.,   Case No. 1:18-cv-188

    Plaintiffs,

                              Dlott, J.
v.                             Bowman, M.J.

S & S PLASTERING LLC,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).