**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| DIRECTORS OF THE OHIO CONFERENCE OF PLASTERERS AND CEMENT MASONS COMBINED FUNDS, INC., | Case No. 1:18-cv-188 |
| Plaintiffs, | Barrett, J. |
| v. | Bowman, M.J. |
| S & S PLASTERING LLC, | |
| Defendant. | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

A default judgment was entered against Defendant S&S Plastering LLC more than a year ago, but the amount of that judgment has never been finalized. This matter is now before the undersigned regarding Plaintiffs' motion for attorney's fees. (Doc. 23). For the following reasons, the undersigned RECOMMENDS that the motion be granted.

**I.  Background**

Plaintiffs, Directors of the Ohio Conference of Plasterers and Cement Masons Combined Funds, Inc. ("the Funds") filed suit in March 2018 against the Defendant, S&S Plastering LLC ("S&S"), alleging multiple violations of ERISA and the LMRA. The complaint alleges that Defendant, an employer obligated to make contributions to the Funds, has failed to do so. S&S agreed to participate in the Funds on November 2, 2015 when, through its duly authorized agent, Steven R. Doyle, it executed a Collective Bargaining Agreement ("CBA"). (*See* Doc. 1-5).

Summons of the complaint was returned as executed on the Defendant through service on Steven Doyle at what appears to be a residential address.  After S&S failed to

1

appear, the Clerk filed an entry of default, and Plaintiffs moved for the entry of default judgment. (*See* Docs. 6, 9, 12, 14). The undersigned filed a Report and Recommendation ("R&R") that recommended that judgment be granted, and that an Order requiring Defendant to submit to an audit be entered at the same time. (Doc. 12). The presiding district judge adopted that R&R. (Doc. 14). Through entry of default judgment (which assumes the veracity of all facts alleged in the complaint), this Court already has determined that S&S failed to submit any of the required reports concerning the number of covered employees or hours worked and failed to remit any contribution payments for four years – beginning in February 2016 through the present.

Because the amount of judgment could not be determined without an accounting under Rule 55(b), the R&R recommended that an "Audit Order" that had been tendered by the Plaintiffs be entered along with the default judgment. (Doc. 12 at 2, incorporating Doc. 11-1). The presiding district judge's adoption of that R&R *in toto* implicitly incorporated the Audit Order.

On April 10, 2019 and again on July 8, 2019, Plaintiffs filed quarterly status reports indicating that Defendant had failed to respond to successive letters requesting that Defendant contact a third-party payroll auditor to submit to the necessary audit. (Docs.16, 18). Without the audit, neither Plaintiffs nor this Court were able to finalize the precise amount of damages owed under the CBA. (*Id.*) Stymied by the lack of response and their inability to obtain the necessary records, Plaintiffs moved for a "show cause" order. (Doc. 17). On July 9, 2019, the undersigned granted Plaintiffs' motion and directed Defendant, within 14 days of service of the Order,

> to show cause why S & S Plastering, LLC should not be held in contempt
> for Defendant's failure to comply with this Court's order requiring Defendant

to timely submit to an audit of its books and records. Failure to satisfy this order to show cause could result in the court imposing a fine to compensate those injured by the contemptuous act, awarding damages, or awarding attorney's fees.

(Doc. 19).

Once again, the Defendant failed to respond. Therefore, on August 14, 2019, the undersigned filed a second R&R recommending that S&S Plastering LLC and its agent, Mr. Doyle, be held in civil contempt of this Court.

> Based upon the presumed delivery by ordinary mail, Defendant now has failed to comply with the clear order of the undersigned directing Defendant to show cause for S&S's failure to timely submit to an audit of its books and records. Defendant's failure to respond to the show cause order constitutes disobedience of a lawful court order and thus represents contempt before the undersigned magistrate judge. *See United States v. Ivie*, 2005 WL 1759727 at *2 (W.D. Tenn. June 14, 2005).
>
> Defendant's failure to comply with the show cause order, <u>standing alone</u>, provides a sufficiently "clear and convincing" basis for holding Defendant and its agent, Mr. Doyle, in civil contempt of this Court. Arguably, the Audit Order provides an additional basis for contempt because it became part of the Court's Order when the Court adopted the January 2019 R&R. Still, in recognition of the fact that the Audit Order was never explicitly signed and filed by a judicial officer notwithstanding its *implicit* adoption, the undersigned has docketed an additional Audit Order this same day.

(Doc. 20 at PageID 168-169).

As stated in the still-pending R&R,[1] in addition to the recommendation that Defendant and its agent be held in civil contempt for the failure to comply with the July 9, 2019 "show cause" order, the undersigned re-filed the Audit Order directing Defendant again to submit to an audit, within 14 days, to reduce to an amount certain the amount of contributions found due and owing, plus liquidated damages, interest, attorney's fees,

---

[1] Although no objections were filed, the August 14, 2019 R&R has not yet been adopted as the opinion of this Court and remains pending. After the R&R was filed, the case was reassigned to U.S. District Judge Michael R. Barrett. (Doc. 22).

3

and the cost of said audit. (Doc. 21). Consistent with its history, Defendant failed to comply with the re-filed August 14, 2019 Audit Order. Faced with the prospect of never being able to reduce their default judgment to a sum certain, Plaintiffs now seek their attorney's fees.

II. **Analysis**

A. **Plaintiffs' Motion for Fees Should be Granted**

ERISA provides, in relevant part, that "in any action [by an ERISA fiduciary to enforce an employer's obligation to contribute to a multiemployer plan] in which a judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant . . . " 29 U.S.C. § 1132(g)(2)(D). Judgment was entered in Plaintiffs' favor. (Doc. 14). Therefore, Plaintiffs are entitled to an award of reasonable attorney's fees.

In their motion for attorney's fees, Plaintiffs include a summary of billing records in this matter by the law firm Ledbetter Parisi LLC ("Ledbetter"), which total 65.1 hours of legal work. (Doc. 23, Ex. C., Decl. Arnold ¶ 6). Ledbetter charged Plaintiffs $85 to $95 per hour for paralegal time, $185 to $200 per hour for associate time, and $200 to $215 per hour for shareholder time. *Id.* Accounting for all hours worked on this matter and the individuals who completed each task, billings to Plaintiffs totaled $10,137.00. *Id.* at ¶ 5.

Plaintiffs have submitted adequate evidence to support a finding that the requested fees are reasonable. Defendant does not contest this, as Defendant has refused to respond to this Court's orders. This Court finds that the hourly rates and the total hours expended in this matter are reasonable and proportionate to the work performed.

### B. The Court Should Modify and Adopt the August 14, 2019 R&R

The analysis of the R&R filed on August 14, 2019 that recommended finding S&S and Mr. Doyle in civil contempt of this Court remains sound. However, it has become abundantly clear that neither S&S nor its agent, Mr. Doyle, intend to submit to an audit or to comply with any Orders of this Court. In recognition of the additional judicial resources that would be required, and the apparent exercise in futility in entering such an order, the undersigned now recommends vacating paragraphs 1 and 4 of the prior R&R, including the recommendation that the Court issue one final order requiring S&S "through its registered agent, Steven Ray Doyle, to appear on a date certain, as soon as practicable, to show cause why Defendant and Mr. Doyle should not be adjudged in contempt by reason of the facts certified above, including Defendant and Mr. Doyle's failure to respond to the undersigned's July 9, 2019 "show cause" order." (Doc. 20, PageID 169). Notwithstanding that proposed modification, the undersigned hereby reiterates the remaining recommendations contained therein, as fully supported by the prior analysis.

### III. Conclusion and Recommendations

Accordingly, **IT IS RECOMMENDED THAT**: the Court should adopt the Report and Recommendation filed on August 14, 2019, as herein supplemented and amended:

1. Based upon the Defendant's failure to comply with the Audit Order re-filed on August 14, 2019, the district judge should find Defendant and Mr. Doyle to be in civil contempt for violating both the July 9, 2019 "show cause" order and the August 14, 2019 Audit Order;

2. The Court should order Defendant to pay Plaintiffs' reasonable expenses including attorney's fees, incurred in connection with its efforts to reduce the existing default judgment to an amount certain; and

3. In accordance with the prior R&R and Plaintiffs' well-supported motion for attorney's fees, Plaintiffs' motion (Doc. 23) should be **GRANTED**, with Defendant to pay Plaintiffs' reasonable attorney's fees in the amount of $10,137.00.

                                            *s/ Stephanie K. Bowman*
                                            Stephanie K. Bowman
                                            United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| DIRECTORS OF THE OHIO CONFERENCE OF PLASTERERS AND CEMENT MASONS COMBINED FUNDS, INC., | Case No. 1:18-cv-188 |
| Plaintiffs, | Barrett, J. |
| v. | Bowman, M.J. |
| S & S PLASTERING LLC, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).